## ROY LEE GODLEY v. W. H. WHICHARD.

(Filed 28 February, 1962.)

**1. Negligence § 37b—**

The proprietor of a swimming resort operated for hire, while not an insurer of his patrons' safety, is under duty to exercise due care to see that the place and the appliances incident to its use are reasonably safe.

**2. Negligence § 37f—**

Evidence that defendant operated a pier for public bathing, that along the pier were signs designating the various depths of the water, and that plaintiff dived to his injury in water some three and one-half feet deep at a point where a sign designated a depth of six feet, is sufficient to be submitted to the jury on the issue of negligence.

WINBORNE, C.J., not sitting.

APPEAL by plaintiff from *Parker, J.,* September 1961 Term, BEAUFORT Superior Court.

Civil action to recover for personal injury the plaintiff sustained when he dived from a pier maintained by the defendant as a public bathing resort on the Pamlico River. The plaintiff's evidence tended to show he paid the required fees for locker and bathing privileges and proceeded along the pier which extended from the shore for several hundred feet into the river. The pier was approximately three feet above the water line. At intervals throughout its length, signs were posted showing the depth of the water beginning at two feet near the shore and gradually increasing to six feet at the point where the pier formed an L. The plaintiff walked along the pier, observed the signs, and near the L, where according to the sign the depth was six feet, he dived headfirst into the water, struck the bottom, breaking both wrists and three vertebrae in his neck. The water was dingy. The bottom was not visible. The actual depth was three or three and one-half feet.

At the close of the plaintiff's evidence the court entered judgment of involuntary nonsuit, from which the plaintiff appealed.

*Hallett S. Ward, LeRoy Scott for plaintiff appellant.*
*Rodman & Rodman, John A. Wilkinson for defendant appellee.*

PER CURIAM. The proprietor of a swimming resort operated for hire is not an insurer of the patron's safety. He must, however, exercise due care to see the place and appliances incident to its use are reasonably safe. A proprietor may not mislead a patron by false statements

of the water's depth. The evidence at the trial was sufficient to go to the jury on the issue of defendant's actionable negligence. Consequently, the judgment of nonsuit is reversed in order that the jury may determine the issues raised by the pleadings.

Reversed.

WINBORNE, C.J., not sitting.